## Nardell v. Scranton-Spring Brook Water Service Co.

*Collins & Collins*, for plaintiff.

*Max Rosenn* and *Rosenn, Jenkins & Greenwald*, for defendant.

*J. C. Valentine*, for additional defendant.

TREMBATH, J., (Specially Presiding), June 13, 1961. —Plaintiffs brought this action in trespass against original defendants to recover for the damage to plaintiffs real and personal property, and for losses sustained by interruption of plaintiff's business, all of which was caused by water escaping from defendants' water mains which were broken by surface subsidence.

Original defendant denied the allegations of negligence as well as those of direct trespass, and filed complaint against the additional defendant alleging negligent mining on the part of additional defendant.

Original defendant, proceeding under Pennsylvania Rules of Civil Procedure relating to discovery, gave notice to additional defendant that:

"The deposition of Mr. H. S. Weatherholt, several mining engineers for the defendant corporation and all persons employed by defendant corporation having custody of records, documents, maps and other matter pertaining to mining underground through the area underneath Walnut and Wyoming Avenue in the Borough of Forty Fort will be taken on oral examination at a time fixed."

Additional defendant, under Pa. R. C. P. 4012, obtained the rule now before the court requiring ori-

ginal defendant to show cause why protective order should not be made limiting and restricting inquiry and right of oral examination, and requiring defendant to obtain the information desired by written interrogations.

Additional defendant bases its request for protective order on the following arguments:

I. That the evidence that original defendant seeks, namely evidence tending to prove additional defendant was negligent, is irrelevant. Additional defendant's argument here is that, no matter what caused the subsidence and resultant damage to pipes, defendant Water Company has a defense if they can show they were not negligent. On the other hand additional defendant argues that if defendant was negligent the quality of additional defendant's mining is irrelevant. This argument the court rejects because, however true this may be as to the question of original defendant's sole liability, the desired evidence is highly relevant to all questions of liability over and contribution.

II. Defendant argues that the Borough Code as last amended by the Act of July 19, 1951, P. L. 1026, 53 PS §46160, which made it illegal to mine under public highways, was not intended to protect the interest of plaintiff. Defendant by the present proceeding is trying to discover all evidence which will at trial define what the defendant's interest is. The proper time for the court to dispose of such arguments is at trial after defendant has been afforded full opportunity to establish its rights. The evidence here sought may well be highly relevant to establish defendant's position.

III. Additional defendant argues that permitting unrestricted discovery will cause unreasonable annoyance, expense and oppression, because no limit has been placed upon discovery. Additional defendant further argues that the whole scope of additional defendant's mining in the Forty Fort area from 1892 to date may

be investigated which may require weeks and months, and will be time-consuming and costly. The court takes judicial notice that all of the mines in this area are entirely filled with water. The evidence here sought to be discovered can not now, nor in the foreseeable future, be obtained by inspection of the mines. The only method open to original defendant to prove the cause of the broken water mains is by complete examination of additional defendant's records. There can be no better illustration of the necessity for, and the wisdom of, our present rules of discovery. The only possible way that the underground facts can be established is through defendant's records, and the memories of defendant's officers and employes. The investigation may well be time-consuming and costly as additional defendant alleges. This will be the natural result of the difficult facts under examination and not from the method of examination. The examination may well cover the entire history of defendant's mining. Defendant cannot be limited to inquiry as to mining data since 1927, since mining before 1927 under the public highways may well have been negligent. Defendant cannot be limited to inquiry as to mining exclusively to the exact area under plaintiffs' property and the portions of the highways immediately adjacent thereto, since it may well be that a focal point of negligence a block or two away could be highly relevant. Additional defendant further suggests that if oral examination is allowed, hours and days could be spent in arguments between counsel as to relevance of evidence. It seems sensible to the court that the evidence be discovered before trial as quickly as possible and without argument, and that all questions as to its relevance be submitted to the court at trial. Pa. R. C. P. 4016(b) provides: "Objections to . . . relevancy . . . are not waived by failure to make them before or during the taking of the deposition . . ."

Finally, additional defendant requests that defendant be restricted to written interrogatories. We believe that this inquiry is highly technical, and that as the inquiry proceeds the framing of each question is dependent upon the answers to preceding questions. The oral interrogations are far superior to the written interrogatory for this purpose.

Additional defendant's motion for protective order is dismissed.